IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 10-CR-20100-CM |
| | ) |
| ELIDA GUADALUPE HERRERA-MORALES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On September 21, 2011, defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. This court sentenced defendant to a term of imprisonment of 144 months on January 9, 2012. Defendant did not file a direct appeal, but she moves this court for a reduction of her sentence based on her extra-ordinary post-offense rehabilitation (doc. 347).[1]

Although the court commends defendant's rehabilitative efforts, the court is without authority to reduce defendant's term of imprisonment. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that a court does not have inherent authority to reduce an imposed sentence). Specifically, the court can reduce a previously imposed term of imprisonment in three situations:

(1) upon a motion from the Director of the Bureau of Prisons when certain circumstances exist;

(2) when expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or

(3) upon the motion of a defendant or the Director of the Bureau of Prisons, or on the court's own motion, in cases where the applicable sentencing range has subsequently been lowered by the Sentencing Commission.

---

[1] Defendant designates her motion as a "Motion for Downward Departure." Given her pro se status, the court construes her motion as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582.

-1-

18 U.S.C. § 3582(c).  None of these situations apply to this case, so the court is without jurisdiction to consider defendant's request.  *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

In her motion, defendant cites a variety of statutes, rules, and guidelines including 18 U.S.C. § 3582(a), Federal Rule of Criminal Procedure 47, and Application Note 1(G) to United States Sentencing Guideline § 3E1.1.  But none of this authority supports defendant's requested relief.  Instead, § 3582(a) requires the court to consider the factors in 18 U.S.C. § 3553(a) when determining whether to impose a term of imprisonment or the length of imprisonment.  Rule 47 discusses the form, content, and timing of motions and supporting affidavits.  And Application Note 1(G) allows the court to consider post-offense rehabilitative efforts in determining whether the defendant qualifies for the acceptance of responsibility reduction for sentencing purposes.

Defendant also cites the Supreme Court's decision in *Pepper v. United States*, 131 S. Ct. 1229 (2011).  In *Pepper*, the Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guideline range." *Id.* at 1236.  But defendant in this case has not had her sentence set aside on appeal.  Indeed, she never filed an appeal.  Therefore, *Pepper* does not support her requested relief.  For all of these reasons, the court denies defendant's request for a sentence reduction.

In her reply, defendant asks this court to appoint counsel to assist her with this motion for a sentence reduction.  Defendant does not have a constitutional right to an attorney beyond the direct appeal of a criminal conviction.  *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  Rather, it is in the court's discretion to appoint counsel.  *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008).  Here, defendant's request for a reduction in sentence is foreclosed by the applicable law.

And defendant has demonstrated her ability to articulate the arguments underlying her requested relief.  Accordingly, the court exercises its discretion and denies defendant's request for appointed counsel.

**IT IS THEREFORE ORDERED** that defendant's Motion for Downward Departure (doc. 347) is denied.

Dated this 14th day of December, 2012, at Kansas City, Kansas.

                                                  _s/ Carlos Murguia_____
                                                  **CARLOS MURGUIA**
                                                  United States District Judge